UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARCUS MOTON,
    Plaintiff,

vs.                                   Case No.: 3:20cv5950/MCR/EMT

SKANSKA USA CIVIL
SOUTHEAST, INC.,
    Defendant.
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff, proceeding pro se and in forma pauperis, filed an employment discrimination complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, on November 20, 2020 (ECF No. 1). Plaintiff subsequently filed an amended complaint (ECF No. 6) and then a second amended complaint (ECF No. 8), the latter of which is the operative pleading in the case. Defendant Skanska USA Civil Southeast, Inc. filed a motion to dismiss the second amended complaint (ECF No. 14), arguing Plaintiff's claims are barred because Plaintiff failed to file suit within ninety days of receipt of the Equal Employment Opportunity Commission's (EEOC's) Dismissal and Notice of Rights, which the EEOC mailed

to Plaintiff, and Plaintiff apparently received, on August 7, 2020[1] (*see* ECF No. 8 at 8).[2]

Plaintiff responded in opposition to the motion, arguing his failure to timely file suit is excused by the fact that he was arrested on October 26, 2020, was initially held without bond, and bond was not set until November 17, 2020, resulting in Plaintiff's incarceration for twenty-three days during the ninety-day period following receipt of the EEOC's Dismissal and Notice of Rights (ECF No. 16). Plaintiff points out that he filed suit on November 20, 2020, three days after his release from incarceration (*see id.* at 1). In Plaintiff's view, he "should rightfully be given until November 30, 2020, to file [his] lawsuit," extending the time in which

---

[1] Plaintiff instituted this action 105 days after receiving the Dismissal and Notice of Rights. Under the heading "Notice of Suit Rights," the Dismissal and Notice of Rights states as follows:

> This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost."

(ECF No. 8 at 2) (emphasis in original).

[2] As the Eleventh Circuit recognized, "[o]rdinarily, [courts] do not consider anything beyond the face of the complaint and documents attached thereto when analyzing a motion to dismiss." *Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007). Here, Plaintiff incorporated a copy of the Dismissal and Notice of Rights in his second amended complaint (*see* ECF No. 8 at 2).

to comply with the Dismissal and Notice of Rights by thirteen days—which Plaintiff says is the period of time between his booking and the date by which he was to file suit (*id.*). Plaintiff asserts "there was no possible way for [him] to file a claim pro se while incarcerated" (*id.*).

I. STANDARD OF REVIEW

Dismissals for failure to state a claim are governed by Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *Davis v. Monroe Cnty. Bd. of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal marks and citation omitted).

Generally, the court should construe a pro se pleading more liberally than it would a formal pleading drafted by an attorney. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). However, the "duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for the plaintiff." *Snow v.*

*DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006) (internal marks and citation omitted); *see also Bishop v. Romer*, Nos. 98–1294, 98–1296, 1999 WL 46688, at *3 (10th Cir. Feb. 3, 1999) (unpublished) (holding this less stringent standard should not allow a court to ignore inadequacies in the complaint where a pro se plaintiff fails to allege facts necessary to establish the claim or to "conjure up questions never squarely presented").

## II.   DISCUSSION

"Under Title VII, a plaintiff must bring suit within 90 days of receiving a right-to-sue-letter from the EEOC." *Bryant v. U.S. Steel Corp.*, 428 F. App'x 895, 897 (11th Cir. 2011); *see also Santini v. Cleveland Clinic Fla.*, 232 F.3d 823, 825 (11th Cir. 2000) ("Title VII . . . actions may not be brought more than 90 days after a complainant has adequate notice that the EEOC has dismissed the Charge."). As the Fifth Circuit has recognized, "[t]his requirement to file a lawsuit within the ninety-day limitation period is strictly construed." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 79 (5th Cir. 2002); *see also Espinoza v. Mo. Pac. R. Co.*, 754 F.2d 1247, 1250 (5th Cir. 1985) (recognizing "the ninety-day period is akin to a statute of limitations").

Here, Plaintiff indisputably filed his initial complaint more than ninety days after receiving the Dismissal and Notice of Rights. Plaintiff thus "clearly failed to satisfy Title VII's 90–day filing requirement. The defendant's motion to dismiss is therefore due to be granted unless the plaintiff has established grounds for equitably tolling the 90-day period." *Portis v. World Omni Fin.*, No. CIV. A. 00-0047-CB-M, 2000 WL 726220, at *1 (S.D. Ala. May 16, 2000) (noting "the Eleventh Circuit has extended equitable tolling principles to Title VII's 90–day filing requirement") (citing cases); *see also Bryant*, 428 F. App'x at 897 (holding that "[d]ismissal is appropriate when the plaintiff fails to file her lawsuit within 90 days of receiving a right-to-sue letter, unless she shows that the delay was through no fault of her own," and that "[o]nce the defendant contests the issue, the plaintiff bears the burden of establishing that she filed her claim within 90 days of receiving the notice"); *Zillyette v. Cap. One. Fin. Corp.*, 179 F.3d 1337, 1342 (11th Cir. 1999) (noting equitable tolling rules "are generally applicable in Title VII actions").

"Although the doctrine of equitable tolling may . . . be applied to Title VII filing requirements, its scope is extremely limited." *Portis*, 2000 WL 726220, at *2. "'The Supreme Court has made clear that tolling is an *extraordinary remedy* which should be extended only sparingly.'" *Id.* (quoting *United States v. Justice*, 6

F.3d 1474, 1479 (11th Cir. 1993)). "The burden of proof is on the plaintiff to show that this 'extraordinary remedy' is warranted." *Id.* (quoting *Ross v. Buckeye Cellulose Corp.*, 980 F.2d 648, 661 (11th Cir.1993), *cert. denied*, 513 U.S. 814 (1994)).

> After reviewing Supreme Court and Fifth Circuit precedent, the former Fifth Circuit in *Chappell v. Emco Machine Works Co.*, 601 F.2d 1295 (5th Cir. 1979), identified only three situations in which Title VII's 180-day requirement could be equitably tolled: (1) "during the pendency of an action before a state court which had jurisdiction over the subject matter of the suit, but which was the wrong forum under state law"; (2) "until the claimant knew or should have known the facts which would give rise to his Title VII claim"; and (3) "when the EEOC misleads a complainant about the nature of his rights under Title VII."

*Id.* (quoting *Chappell*, 601 F.3d at 1302–03).[1] Plaintiff has not asserted any of the three situations in which the ninety-day period may be equitably tolled. Instead, Plaintiff merely baldly asserts the ninety-day period should be extended to account for a portion of his incarceration. Courts have expressly found, however, that incarceration alone does not provide a sufficient basis for equitable tolling. *See, e.g., Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (holding, in habeas corpus action, that "[e]quitable tolling is proper only when extraordinary

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Case No.: 3:20cv5950/MCR/EMT

circumstances beyond a prisoner's control make it impossible to file a petition on time"); *Edwards v. Air Star Concessions Ltd.*, No. 3:14-CV-732-L, 2014 WL 2756531, at *2 (N.D. Tex. June 17, 2014) ("While Plaintiff complains generally about 'lack of sufficient law library materials . . . lack of adequate access to the law library while incarcerated,' and lack of 'knowledge' . . . , his incarceration alone does not justify equitable tolling in a Title VII case."); *Taylor v. Fresh Direct*, No. 12 CIV. 2084 GBD AJP, 2012 WL 6053712, at *5 (S.D.N.Y. Dec. 5, 2012), *supplemented*, No. 12 CIV. 2084 GBD AJP, 2012 WL 6184033 (S.D.N.Y. Dec. 12, 2012), *and report and recommendation adopted*, No. 12 CIV. 2084 GBD AJP, 2013 WL 1897778 (S.D.N.Y. May 7, 2013) ("[E]quitable tolling is not warranted merely because a plaintiff is in prison."); *Perry v. Sony Music*, 462 F. Supp. 2d 518, 520 (S.D.N.Y. 2006) (finding Plaintiff failed to provide "sufficient showing of diligence on his part, or of misconduct by defendant, or any other compelling grounds to justify equitable tolling of the statute of limitations" and that Plaintiff's "explanation that he was incarcerated during the period in question [was] not sufficient by itself to support application of the doctrine"). And Plaintiff has wholly failed to identify any circumstance of his incarceration that impeded his ability to timely file suit.

Moreover, Plaintiff was not incarcerated until *more than two and a half months after he received the Dismissal and Notice of Rights*. He claims he intended to file his complaint during the last week of October 2020, but he wholly fails to allege he was unable to file his complaint prior to his arrest on October 26, much less that he exercised due diligence in attempting to do so. Plaintiff's Title VII claims thus plainly are time-barred. *See Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) (per curiam) (holding that a plaintiff "who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence"); *Lewis v. Conners Steel Co.*, 673 F.2d 1240, 1242 (11th Cir. 1982) ("There is no reason why a plaintiff should enjoy a manipulable open-ended time extension which could render the statutory limitation meaningless."); *see also Bryant*, 428 F. App'x at 897 (affirming dismissal of ADA and Title VII claims filed ninety-seven days after EEOC mailed right-to-sue letter); *Adam v. Hillsborough Cnty. Hosp. Auth.*, No. 97-1575-CIV-T-24E, 1997 WL 661131, at *2 (M.D. Fla. Sept. 25, 1997) (dismissing action filed ninety-nine days after receipt of right-to-sue letter).[3]

---

[3] Even if Plaintiff did not receive the Dismissal and Notice of Rights the day it was mailed to him, as indicated in his second amended complaint (ECF No. 8 at 8), his claims nevertheless are time-barred. As Defendant sets forth in its motion, the United States Postal Service's regulations state that first class mail sent within the contiguous United States should arrive within three days. *See* 39 C.F.R. § 121.1(c). The Federal Rules of Civil Procedure include a presumption a document is received within three days of mailing. *See* Fed. R. Civ. P. 6(d); *see also Baldwin Cnty. Welcome*

Accordingly, it is respectfully **RECOMMENDED**:

1. That Skanska USA Civil Southeast, Inc.'s Motion to Dismiss (ECF No. 14) be **GRANTED** and this action **DISMISSED with prejudice**.

2. That the clerk of court be directed to enter judgment accordingly and close this file.

At Pensacola, Florida, this 11th day of January 2022.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

---

*Center*, 466 U.S. at 148 n.1; *Smith-Haynie v. District of Columbia*, 155 F.3d 575, 578 n.3 (D.C. Cir. 1998). And the United States Supreme Court presumes an EEOC right-to-sue letter is received within that time. *See Baldwin*, 466 U.S. at 148 n.1. The Eleventh Circuit relies on the three-day presumption as well. *See, e.g., Bryant*, 428 F. App'x at 897; *Zillyette*, 179 F.3d at 1342 (concluding a three-day period "provides a clear rule that will enable parties to be aware of when they must act or forfeit their right to sue"). Even allowing Plaintiff the benefit of the three-day presumption (i.e., presuming he received the letter on August 10, 2020), therefore, his claims are still time-barred.

Case No.: 3:20cv5950/MCR/EMT